## UNITED STATES DIRSTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

GRACE APSLEY                )
                           )
        Plaintiff,          )        **Civil Action No.**  6:11-cv-1920-ORL-35-GJK
v.                          )
                           )
LVNV FUNDING, LLC           )
                           )
        Defendant.          )
                           )

## COMPLAINT
## and JURY TRIAL DEMAND INTRODUCTION

1.      This is an action for damages brought by Plaintiff, GRACE APSLEY an individual consumer, against the Defendant, LVNV FUNDING, LLC., a Florida corporation, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d),  28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue in this District is proper because Plaintiff resides in BREVARD County, Florida and Defendant does business in this District.

## PARTIES

3.      Plaintiff, GRACE APSLEY (hereinafter referred to as "Plaintiff") is a natural person, and citizen of the State of Florida, residing in BREVARD County, Florida.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.      Defendant, LVNV FUNDING, LLC. (hereinafter referred to as "Defendant"), is a for profit corporation registered in the State of Florida with its principal place of business located at 200 Meeting Street, Ste, 206, Charleston, SC 29401, and whose principle business is purchasing and collecting consumer

1

debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.      Defendant regularly uses the mail and the telephone in a business the principal purpose of which is the collection of consumer debts.

6.      Defendant regularly collects or attempts to collect consumer debts purchased from other parties.  Defendant is a "debt collector" as that term is defined in the FDCPA.

7.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

8.      Sometime before the facts noted below, Plaintiff incurred a financial obligation through CAPITAL ONE BANK (USA) NA (original creditor) that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9.      Upon information and belief, some time thereafter, Defendant purchased the debt which is referenced in paragraph 8 above, and Defendant instituted collection measures to collect from Plaintiff on the consumer debt.

10.      On or about 1/28/11, in furtherance of Defendant's attempt to collect the debt from Plaintiff, Defendant filed a state court action in BREVARD County, Florida against Plaintiff seeking to collect the alleged consumer debt which has been identified in paragraph 8 and 9 above.  In the state court action, styled <u>LVNV FUNDING, LLC, v. GRACE APSLEY</u>, BREVARD County, Case Number 2011-CC-10214, Defendant filed a Two (2) Counts (Account Stated and Unjust Enrichment) Statement of Claim against Plaintiff.

11.      It is upon information and belief from a review of the website records and information maintained and complied by the State of Florida, Office

of Financial Regulation, an online license search conducted by the undersigned indicated that as to all times material to this complaint, that Defendant, as required by Section 559.553(1), Florida Statutes, failed to register as a "consumer collection agency" as that term is defined by Section 559.55(7), Florida Statutes.

12.    Plaintiff maintains that the filing of a lawsuit and Defendant's previous collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of Defendant's debt collection activities taken against her over the past year were in direct violation of the FDCPA.

## RESPONDENT SUPERIOR LIABILITY

13.    The acts and omissions by Defendant's debt collectors were incidental to, or of the same general nature as, the responsibilities its agents, were authorized to perform by Defendant in collecting consumer debts.

14.    By committing these acts and omissions against Plaintiff, Defendant's debt collectors were motivated to benefit Defendant.

15.    Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violation of the FDCPA, in Defendant's attempt to collect the debt noted herein.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT FOR FAILURE TO OBTAIN A DEBT COLLECTION LICENSES AS MANDATED BY SECTION 559.553, FLORIDA STATUTES

16.    Plaintiff incorporates Paragraphs 1 through 15.

17.    The acts and omissions of Defendant and its agents constitute a violation of the FDCPA with respect to the Plaintiff.

18.     Defendant and its agents violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the debt noted herein by instituting a law suit in an attempt to collect a consumer debt in the State of Florida without legal authority to do so, by not having registered with the State of Florida, Office of Financial Regulation as required by Section 559.553(1), Florida Statutes. See Leblanc v. Unifund CCR Partners, 601 F. 3d 1185 (11ᵗʰ Cir. 2010).

19.     Defendant and its agents violated 15 U.S.C. § 1692(2)(A) by giving false representation of the character, amount or legal status of the debt noted herein, by instituting a law suit in an attempt to collect a consumer debt in the State of Florida without legal authority to do so, by not having registered with the State of Florida, Office of Financial Regulation as required by Section 559.553(1), Florida Statutes. See Leblanc v. Unifund CCR Partners, 601 F. 3d 1185 (11ᵗʰ Cir. 2010).

20.     Defendant and its agents violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken as to the debt noted herein, by instituting a law suit in an attempt to collect a consumer debt in the State of Florida without legal authority to do so, by not having registered with the State of Florida, Office of Financial Regulation as required by Section 559.553(1), Florida Statutes. See Leblanc v. Unifund CCR Partners, 601 F. 3d 1185 (11ᵗʰ Cir. 2010).

21.     Defendant and its agents violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with regard to the debt noted herein, by instituting a law suit in an attempt to collect a consumer debt in the State of Florida without legal authority to do so, by not having registered with the State of Florida, Office of Financial Regulation as required by Section 559.553(1), Florida Statutes. See Leblanc v. Unifund CCR Partners, 601 F. 3d 1185 (11ᵗʰ Cir. 2010).

22.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages;

B.    Statutory damages pursuant to 15 U.S.C. § 1692k;

C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

D.    For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this on _____ day of _____ 2011.


_____
By : Michael Tierney, Esquire
Attorneys for Plaintiff
**MICHAEL TIERNEY, P.A.**
*The consumer Rights Attorney*
918 Beard Avenue
Winter Park, Florida 32789
Tel: (407) 740-0074